JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☒ Milwaukee Division

## I. (a) PLAINTIFFS
MAURICIO RODRIGUEZ TORREZ

**(b)** County of Residence of First Listed Plaintiff: MILWAUKEE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICE OF GODFREY Y. MUWONGE, LLC.
3333 N. MAYFAIR ROAD, STE 312, WAUWATOSA, WI 53222
(414) 395-3230

## DEFENDANTS
PAMELA J. BONDI, USA ATTORNEY GENERAL,
KRISTI L. NOEM, SECRETARY DHS,
JOHN PRUHS, DIRECTOR USCIS MILWAUKEE FIELD OFFICE.

County of Residence of First Listed Defendant: MILWAUKEE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
US ATTORNEY E.D. WIS.
517 E. WISCONSIN AVE., RM. 530, MILWAUKEE, WI 53202
(494) 297-3372

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☒ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 USC 706; 8 USC 1155(i)

Brief description of cause:
Challenge of Agency denial of green card application

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See updated instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/14/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature: Godfrey Y. Muwonge]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# In The
# United States District Court
# For the
# Eastern District of Wisconsin

MAURICIO RODRIGUEZ TORREZ,

          *Plaintiff*,

v.                                   Case No.: _____

PAMELA J. BONDI, US Attorney General,
KRISTI L. NOEM, US DHS Secretary, and
JOHN PRUHS, USCIS Milwaukee Field Office Director,

          *Defendant*.

**COMPLAINT FOR DECLARATORY,
INJUNCTIVE AND OTHER RELIEF**

Plaintiff Mauricio Rodriguez Torrez, by his undersigned attorneys, alleges as follows:

**INTRODUCTION**

1. Mauricio now sues because the defendants have misconstrued § 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1155(i), to exclude him from adjustment of status, even though the defendants do not dispute that he is the spouse of a grandfathered derivative beneficiary under § 1155(i). The decision of John Pruhs, USCIS Milwaukee Field Office Director (FOD), is essentially as follows:

"The record demonstrates that your relationship to the grandfathered alien was established after April 30, 2001. Your relationship was established after the filing

of the grandfathering petition or application. You are therefore not a grandfathered alien in your own right and may not independently benefit from INA 245(i). Rather, you may only benefit from INA 245(i) as a dependent of the grandfathered alien, which is not the case in this matter."

Exhibit 1 p. 3 of 4.

2. Mauricio is the "after-acquired" spouse of his wife, Adriana Josefina (*née Chavez Ortiz*) Rodriguez, who is a "grandfathered derivative beneficiary" under § 1155(i).

3. The decision of the FOD is not reasoned, as required by the Administrative Procedure Act (APA) (5 U.S.C. § 706), and the denial decision contains no evidence that the FOD considered all relevant data and provided a satisfactory and rational explanation consistent with the evidence and facts.

4. At the hearing on July 30, 2025, the Immigration Services Officer (ISO) advanced a theory she claimed to have acquired through consultation with two colleagues, one of whom she claimed was an attorney, and stated that Mauricio was not entitled to adjustment of status because "you cannot be the derivative beneficiary of a derivative beneficiary."

5. The FOD, in his August 13, 2025, denial decision, states: "The evidence of record, including the policy manual volume 7, chapter 2, section D, has been thoroughly reviewed. You remain an alien restricted from adjusting status. The record fails to establish you are a grandfathered alien in your own right or are otherwise eligible for INA 245(i) benefits."

6. The FOD's decision does not even once mention "after acquired" or "accompanying" spouse which Mauricio, through counsel at the July 30, 2025, interview and in

counsel's letter, stated as his eligibility basis. FedEx delivered counsel's letter to the FOD on August 5, 2025, five days before the FOD's denial decision. Exhibit 15.

7.  Counsel's letter even provides the text of USIS Policy Manual Vol. 7, Ch. 2 § D (*Current Family Members of Grandfathered Aliens*), which states, in relevant part, the following:

> "A spouse or child is 'accompanying' the principal when seeking to adjust status together with the principal or within 6 months of when the principal became a permanent resident…The spouse…as of the date of adjustment accompanying…a principal INA 245(i) applicant (who is a grandfathered alien) [is] eligible to seek adjustment under 245(i) *even though they are not grandfathered aliens in their own right*."[1]

8.  Defendants adjusted Adriana's status to permanent resident on July 31, 2025, but denied Mauricio's I-485 less than two weeks later, ignoring what counsel threatened Mauricio would do if the FOD misconstrued his eligibility basis, which counsel wrote would trigger an APA lawsuit that the U.S. Supreme Court held warranted in *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996).

9.  Mauricio brings this action because the defendants' decision is arbitrary, capricious, an abuse of discretion, and not in accordance with law.

10. The FOD's reasoning is legally flawed and incorrectly applies the ground of inadmissibility in INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I), to Mauricio, even though the FOD's decision cites a background check that revealed that Mauricio last entered the United States on June 17, 1996, 288 days before April 1, 1997, the date Congress set as the

---

[1] Available at https://www.uscis.gov/policy-manual/volume-7-part-c-chapter-2.

effective date of the unlawful-presence re-entry bars. No court has held that INA § 212(a)(9)(B), 8 U.S.C. § 1182(a)(9)(B), is retroactive that the FOD has legal authority to apply it Mauricio's last entry.

11. More importantly, the FOD's decision fails to consider the meaning of the term "accompanying" in U.S. Foreign Affairs Manual § 503.2-3(C) and, instead, relies on an arbitrary interpretation of § 1151(i) to exclude Mauricio and rule him out as an "accompanying" spouse of Adriana who has been granted permanent resident status.

## PARTIES

12. Mauricio is a Mexican citizen and resides in the Eastern District of Wisconsin, in the City of Milwaukee, Milwaukee County.

13. Defendant Pamela J. Bondi is Attorney General of the United States and is joined herein in her official capacity as Legal Advisor to the U.S. Department of Homeland Security (DHS) and its subordinate departments, including the U.S. Citizenship and Immigration Service (CIS).

14. Defendant Kristi L. Noem is joined herein in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS), who has oversight of USCIS districts, including District 14, where the USCIS Milwaukee Field Office is located.

15. Defendant John Pruhs is joined herein in his official capacity as Milwaukee FOD with oversight over the adjudications conducted by ISOs.

## JURISDICTION

16. This Court has original jurisdiction in this case under 28 U.S.C. § 1331 because Mauricio's complaint raises a federal question.

17. The Court has jurisdiction because defendants have waived their immunity from suit under the APA, 5 U.S.C. § 702, for arbitrary and capricious agency decisions that are an abuse of discretion and not in accordance with law.

18. Mauricio has chosen the proper venue for his action under 28 U.S.C. § 1391(b), because the defendant's office is located in this district, where USCIS adjudicated Mauricio's I-485 application is at 310 W. Wisconsin Avenue, Milwaukee, Wisconsin 53203, within this Court's territorial confines.

## FACTUAL ALLEGATIONS

19. On January 24, 2025, Mauricio filed an Application for Adjustment of Status (I-485) and paid the $1,440.00 required by defendants for filing this form, as well as an Application for Section 1155(i) Benefits (I-485, Supplement A) and the $1,000.00 surcharge required by defendants for filing this form.

20. On March 6, 2025, Mauricio complied with defendants' request to appear and provide them with his biometrics for the required background and other checks. Exhibit 2.

21. Felix J. Chavez Vazquez, a United States citizen, filed an I-130 petition under INA § 203(a)(4) on behalf of his brother, Antonio Chavez Vazquez, on December 26, 1995. Exhibit 3.

22. Antonio adjusted to permanent resident status on August 16, 2011. Exhibit 4.

23. Adriana qualified for adjustment to permanent resident under § 1155(i) because she is the biological child of Antonio and was 13 years old when Felix's I-130 petition for Antonio was filed. Exhibit 5.

24. Mauricio and Adriana were married on June 30, 2001. Exhibit 6.

25. As to eligibility under § 1155(i), Mauricio is an "after acquired spouse," *i.e.*, a spouse who entered into the qualifying relationship after the April 30, 2001, statutory cutoff date for vested rights under § 1155(i). This means that Mauricio is not "grandfathered" in his own right for eligibility under § 1155(i).

26. However, an "after acquired spouse" may qualify for adjustment as an "accompanying spouse" under INA § 203(d), 8 U.S.C. § 1153(d), which states,

> "A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 1101(b)(1) of this title shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent."

27. The Foreign Affairs Manual serves as the definitive, all-encompassing guide for the organizational structures, policies, and procedures of the U.S. Department of State. It is vital for U.S. consular officers. The manual provides guidelines, codified information, and procedural steps that enable Department employees and contractors to perform their duties in alignment with statutory, executive, and ministerial directives.

28. The FAM states that the INA defines the term "accompanying" to include not only a person who is in the physical company of the principal applicant, but also a spouse or child who has been issued a visa within six months of entry:

(1) The principal's admission into the United States;

(2) The principal's adjustment to LPR status; or

    (3)    The principal's personal appearance and registration at any consular section abroad to confer alternate chargeability.

9 FAM § 503.2-3(C).

29.    Mauricio and Adriana have five children, 23, 20, 18, 13, and 6. Exhibits 7 to 11.

30.    Their eldest daughter, Ayleene Dariana Rodriguez Chavez, filed an I-130 petition under INA § 201(b), 8 U.S.C. § 1151(b), for her mother, Adriana, on December 21, 2024, Exhibit 12, and Adriana and Mauricio filed their respective I-485 forms.

31.    The defendants ordered Mauricio and Adriana to appear for their interviews on July 30, 2025. Exhibits 13 and 14.

32.    Although the immediate basis for Adriana's I-485 application for adjustment is Ayleene's I-130 petition, Adriana relied for adjustment on the fact that as the daughter of Antonio, she is a "grandfathered alien" as the defendants define that term in 8 CFR § 245.10.

33.    Antonio is the beneficiary of a petition by Felix to classify him under INA § 204, 8 U.S.C. § 1154, which Felix properly filed with the Attorney General prior to April 30, 2001, and which was approvable at the time of filing.

34.    On December 26, 1995, when Felix filed the I-130 petition for Antonio, Adriana was 13 years old and, thus, became a "derivative beneficiary" under § 1155(i) as defendants define that term in 8 C.F.R. § 245.10(a)(1)(i).

35.    As to the ground of inadmissibility the FOD invokes against Mauricio's adjustment, relying on § 1182(a)(9)(C)(i)(I), the FOD is invoking a provision Congress included in the INA as the 3-year and 10-year bars to reentry for unlawful presence.

36. Congress added the 3-year and 10-year bars in the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 (1996). This provision in IIRIRA § 301(b) is codified at 8 U.S.C. § 1182(a)(9)(B).

37. IIRIRA § 309(a), which sets the general effective date for most of Title III — including the new re-entry bars — establishes April 1, 1997, as the effective date of the § 1182(a)(9)(B) re-entry bars under which the FOD finds Mauricio inadmissible under § 1182(a)(9)(C)(i)(I).

38. The FOD states that Mauricio attempted to enter the United States in 1996, on February 12, March 19, March 25, and March 27. Exhibit 1 p. 2 of 4.

39. He states also, "On or about June 17, 1996, through San Ysidro, California, you entered the United States without inspection and admission or parole." This means that Mauricio's last entry into the United States on June 17, 1996, was 288 days, or 9 months and 15 days, before the effective date of § 1182(a)(9)(B), which, according to the FOD, renders Mauricio inadmissible under § 1182(a)(9)(C)(i)(I).

40. While the calculation of unlawful presence need not begin after April 1, 1997, the qualifying departures to trigger the bar to re-entry do not accrue before April 1, 1997, and the bar is prospective. Mauricio has not departed the United States after April 1, 1997.

41. The "alien based" interpretation of § 1155(i) appears in two memoranda: Memorandum from Robert L. Bach, Exec. Assoc. Comm'r, Immigration & Naturalization Serv., Accepting Applications for Adjustment of Status Under Section 245(i) (Apr. 14, 1999) (Bach Memo), and Memorandum from William R. Yates, Assoc. Dir. for Operations, USCIS, to USCIS

Officials, Clarification of Certain Eligibility Requirements for Adjustment of Status under Section 245(i) of the Immigration and Nationality Act (Mar. 9, 2005) (Yates Memo).

42. The Bach and Yates Memos set forth how USCIS employees must construe eligibility under § 1155(i), and eligibility for the "after acquired" and "accompanying" spouse adjustment under § 1155(i) is governed by the spirit of the Bach and Yates Memos.

43. The August 13, 2025, decision makes no mention of either the Bach or Yates memo. It does not contain any evidence the FOD specifically evaluated Congress's intent in § 1155(i), and is certainly devoid of any evidence that the FOD even knew that April 1, 1997, is the effective date of § 1182(a)(9)(B). Similarly, it is mute on the "after-acquired" and "accompanying" spouse provisions of § 1155(i).

## FIRST CLAIM FOR RELIEF (APA)

44. As and for a first claim for relief, Mauricio repeats and reiterates paragraphs 1 to 43 as if fully set forth herein.

45. Defendants, an administrative agency in the executive branch bound by the APA, owed Mauricio a duty to adjudicate his I-485 application and produce a decision that is not arbitrary, capricious, an abuse of discretion, and is in accordance with law, as required by the APA. 5 U.S.C. § 706.

46. Defendants breached their duty to Mauricio under § 706 by failing to conduct a two-step adjudication of his I-485: First, they failed to ask the non-discretionary threshold question whether Mauricio was statutorily eligible for adjustment of status. Second, the seem to merely have assumed that Mauricio did not merit adjustment of status as the "after acquired" and

"accompanying" spouse of Adriana in the exercise of defendants' discretion because Adriana is a "grandfathered derivative beneficiary."

47. As Mauricio swears in his affidavit, his six-year-old son, Dylan, is desperate and even wants to get a passport, because he fears his father will soon be deported, and he doesn't want his father to leave if he can't go with him. *Affidavit of Mauricio Rodriguez Torrez* p. 2 of 3 ¶ 13.

48. A recent study has shown that children of immigrants often suffer negative consequences if their parents are threatened with deportation. R. Gabriela Barajas-Gonzalez, et al., *Parental Perceived Immigration Threat and Children's Mental Health, Self-regulation and Executive Functioning in Pre-Kindergarten*, Am. J. Orthopsychiatry (Dec. 30, 2021).[2]

49. Six-year-old Dylan is one of five U.S. citizen children Mauricio and Adriana are raising who include two minors, thirteen and six.

50. The defendant's breach of their duty under § 706 is the direct and proximate cause of the distress the Rodriguez family continues to suffer and will continue to suffer into the foreseeable future.

**SECOND CLAIM FOR RELIEF (DUE PROCESS)**

51. As and for a second claim for relief, Mauricio repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. As an administrative agency of the executive branch, the defendants owed a duty to Mauricio to accord him due process of law under the Fifth Amendment to the U.S. Constitution in processing his I-485 application.

---

[2] *Available at* https://pubmed.ncbi.nlm.nih.gov/34968118/ (last accessed August 14, 2025).

53. Defendants violated the duty to accord Mauricio due process of law because they inefficiently processed his I-485 and concluded, without any evidence in this record why, that Mauricio was subject to the ground of inadmissibility under § 1182(a)(9)(C)(i)(I), even if that provision doesn't apply to Mauricio, and their arbitrary conclusion that Mauricio attempted to claim eligibility under § 1155(i) as of right.

54. Defendants' violation of Mauricio's due process rights occasioned him harm.

55. *Payne v. Tennessee*, 501 U.S. 808, 825 (1991), recently reaffirmed in *Andrew v. White*, 604 U.S. ----, 145 S.Ct. 75 (2025), stands for the proposition that a claimant must show prejudice in addition to a due process violation—usually that the violation rendered the proceeding fundamentally unfair.

56. Defendants' disregard of evidence Mauricio presented is what is prejudicial to him, for it made the adjudication fundamentally unfair. The result, Mauricio not receiving a green card, is compounded with the stress his family must endure, especially six-year-old Dylan.

57. Defendants' shoddy administration of justice is the direct and proximate cause of the suffering Mauricio's family are now enduring and will continue to endure for the foreseeable future.

## PRAYER FOR RELIEF

WHEREFORE, Mauricio respectfully requests that this Court:

A. Declare that Mauricio is eligible to adjust status as an "after acquired" "accompanying" spouse of Adriana, his permanent resident wife;

B. Issue an order that Defendants immediately approve Mauricio's I-485 and manufacture and deliver Mauricio's green card;

  C. Grant Mauricio a preliminary injunction enjoining defendants them from doing anything that will change the status of the parties as of the date of the filing of this action, and enjoining defendants from continuing the unlawful acts giving rise to this APA action;

  D. Award costs and reasonable attorney's fees under 28 U.S.C. § 212(d), pursuant to the Equal Access to Justice Act;

  E. Grant such further relief as the Court deems just and proper.

Respectfully submitted at Milwaukee, this 14th day of August, 2025.

    Law Office of Godfrey Y. Muwonge, LLC.
    *Attorneys for Plaintiff*

    _____
    Godfrey Y. Muwonge
    State Bar #1027615
    3333 N. Mayfair Road, Suite 312
    Wauwatosa, WI 53222-3219
    P: (414) 395-3230
    F: (414) 323-4789
    E: godfrey@muwonge-law.com